United States District Court
Southern District of Texas
**ENTERED**
September 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA RAY YEOMANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00173 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Joshua Ray Yeomans, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For the reasons set forth below and for purposes of screening, the undersigned respectfully recommends that the Court **RETAIN** Plaintiff's procedural due process claim against **San Patricio County Clerk Heather Marks and Judge Jana Whatley of the San Patricio district court**. The undersigned will order service on these defendants. The undersigned respectfully recommends further that Plaintiff's procedural due process claim against the State of Texas be **DISMISSED without prejudice** as barred by the Eleventh Amendment.

1 / 12

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Dominguez Unit in San Antonio, Texas.  Plaintiff's allegations in this case arise in connection with actions taken by officials in San Patricio County to order the withdrawal of monies from Plaintiff's inmate trust fund account.

In his Original Complaint, Plaintiff sues only the State of Texas. (D.E. 1, pp. 1, 3). Plaintiff alleges that funds have been taken from his inmate trust account pursuant to an Order to Withdraw Funds issued by a San Patricio district court.  (*Id.* at 4).  Plaintiff claims that the State of Texas violated his procedural due process rights through the improper withdrawal of these funds from his inmate trust fund account.  (*Id.*).  Plaintiff asks this Court to reverse the withdrawal order entered against him and order the State of Texas to return the monies taken from him as well as pay court costs. (*Id.*).

As directed by the Court, Plaintiff filed a More Definite Statement (D.E. 13) and Supplemental More Definite Statement (D.E. 14) in which he explains his claims in more

detail.  Plaintiff alleges the following pertinent facts in his Original Complaint (D.E. 1), More Definite Statement (D.E. 13), and Supplemental More Definite Statement (D.E. 14).[1]

Plaintiff has attached to his Original Complaint a document entitled "Judgment Revoking Community Supervision; Sentence to State Jail Division, TDCJ[,]" issued by the 36th Judicial Court of San Patricio County, Texas in Criminal Case No. S-07-3324CR. (D.E. 1, p. 6). The San Patricio district court issued this judgment on August 28, 2009, in which Plaintiff was convicted of possession of cocaine pursuant to a plea agreement and sentenced to eighteen months in prison.  (*Id.*).  Under this judgment, Plaintiff was further fined $750.00, assessed court costs in the amount of $1265.00, and ordered to pay restitution in the amount of $140.00.  (*Id.*).

On January 25, 2023, an Order to Withdraw Funds was issued by San Patricio County Clerk Heather Marks ("Clerk Marks") and signed by Judge Jana Whatley ("Judge Whatley") of the San Patricio district court in Criminal Case No. S-07-3324CR.  (D.E. 13, p. 1; D.E. 15).  The Order to Withdraw Funds directed that funds totaling $2,015 be withdrawn from Plaintiff's inmate trust fund account to satisfy the outstanding court costs, fees, fines, and/or restitution amounts assessed in Criminal Case S-07-3324CR.  (*Id.*).

Plaintiff states that some funds have already been taken from his inmate trust fund account under the Order to Withdraw Funds.  (D.E. 1, p. 4; D.E. 13, p. 1).  Plaintiff further states that "[s]aid court is using a different case to debit [his] account that occurred August

---

[1] The record reflects that an individual named Rosa Sota filed on Plaintiff's behalf a copy of the Order to Withdraw Funds issued by the San Patricio district court.  (D.E. 15).  Plaintiff is warned that, in the future, materials filed by individuals other than Plaintiff in this action will be struck from the record.  The undersigned nevertheless will consider for purposes of screening the Order to Withdraw Funds as it is relevant to the claims raised by Plaintiff.

28, 2009." (*Id.*).  Plaintiff asserts that "the Court" never made any attempt to follow garnishment or turnover procedures.  (D.E. 1, p. 4).  Plaintiff indicates that he has exhausted the grievance procedures as well as filed motions to rescind and dissolve the withdrawal order. (*Id.*).

In March or April 2023, Plaintiff filed a motion to rescind the Order to Withdraw Funds in the San Patricio district court.  (D.E. 13, p. 1).  According to Plaintiff, the San Patricio district court has not responded to or otherwise ruled on the motion.  (*Id.* at 2).  In June 2023, Plaintiff filed a motion to dissolve the withdrawal order in the San Patricio district court.  (*Id.*).  Plaintiff alleges that the San Patricio district court has not responded to or otherwise ruled on the motion.  (*Id.*).

Plaintiff holds both Clerk Marks and Judge Whatley responsible for issuing the Order to Withdraw Funds in violation of his constitutional rights.  (*Id.*). Plaintiff claims that, because he has a property interest in his inmate trust fund account, Clerk Marks and Judge Whatley violated his procedural due process rights through the withdrawal of these funds from his inmate trust fund account.  (*Id.*).  Plaintiff reiterates that he seeks reversal of the withdrawal order entered against him and order the return of monies taken from him as well as pay court costs. (*Id.* at 2-3).

## III.   GOVERNING LAW

### A.  Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint

Case 2:23-cv-00173   Document 17   Filed on 09/26/23 in TXSD   Page 5 of 12

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give

5 / 12

rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

**B.  Relevant law regarding 42 U.S.C. § 1983**

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies

that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

## IV.   DISCUSSION

### A.  Eleventh Amendment Immunity – State of Texas

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted).

This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68-71 (1989).

In his Original Complaint, Plaintiff seeks to hold the State of Texas responsible for violations of his due process rights in connection with the issuance of the Order to Withdraw funds.  (D.E. 1, p. 4).  However, the Eleventh Amendment bars a § 1983 suit against a state or state entity, regardless of whether money damages or injunctive relief is sought.  *Will*, 491 U.S. at 69- 71 (states are not "persons" subject to suit under § 1983); *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) (explaining that the Eleventh Amendment immunity applies to § 1983 actions brought against the State of Texas and its agencies, regardless of the relief sought).  Accordingly, the undersigned recommends that Plaintiff's procedural due process claim against the State of Texas should be dismissed without prejudice as barred by the Eleventh Amendment.[2]

### B.  Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff's due process claim depends upon the existence of a property interest.  *See, e.g., Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

"[W]hen inmates are afforded the opportunity, whether by 'right' or 'privilege,' to possess personal property, they enjoy a protected interest in that property that cannot be infringed without due process." *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983)

---

[2] Claims barred by the Eleventh Amendment are subject to dismissal for lack of subject matter jurisdiction and must, therefore, be dismissed without prejudice.  *See Warnock v. Pecos Cnty. Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

(citing *Parratt v. Taylor*, 451 U.S. 527, 536 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).   An inmate specifically retains a property interest in his or her inmate trust fund account that is protected by due process requirements.  *See Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) ("A prisoner has a protected property interest in the funds in his prison account."); *Abdullah v. State*, 211 S.E.3d 938, 943 (Tex.App. – Texarkana 2007) (same); *Brewer v. Collins*, 857 S.W.2d 819, 923 (Tex. App. — Houston [1st Dist.] 1993, no writ) (same).

In Texas, "[o]n notification by a court, the [TDCJ] shall withdraw from any inmate's account any amount the inmate is ordered to pay by order of the court."  TEX. GOV'T CODE ANN. § 501.014(e).  Under Texas law, a withdrawal notification "is not an 'order' in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding."  *Palomo v. State*, 322 S.W.3d 304, 305 & n.1 (Tex. App. 2010) (*per curiam*); *see also Harrell v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2009)* (recognizing that § 501.014(e) "describes the trigger as 'notification by a court' " rather than order by a court (emphasis added)).  Rather, "a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to Section 501.014(e) of the Texas Government Code is a civil matter akin to a garnishment action or an action to obtain a turnover order."  *Warren v. State*, No. 12-20-00257-CR, 2021 WL 3671209, at *1 (Tex. App.— Tyler Aug. 18, 2021, no pet.) (citing *Harrell*, 286 S.W.3d at 317-19).

"Inmates are accorded constitutional due process when they receive notice of the withdrawal and an opportunity to contest the dollar amount and statutory basis of the

withdrawal through filing a motion to rescind or modify the withdrawal order." *Arteaga v. Burnet Cnty. Commissioners Court*, A-19-CV-512-LY, 2019 WL 2648451, at *2 (W.D. Tex. Jun. 27, 2019) (citing *Harrell*, 286 S.W. 3d at 321; *see also Maldonado v. State*, 360 S.W.3d 10, 13 (Tex.App.— Amarillo, no pet.) (recognizing that "due process requires that an inmate have an opportunity to contest the dollar amount and the statutory basis of the withdrawal order by way of a motion to modify, correct, or rescind the withdrawal notification"). In other words, "[a]n adequate post deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional." *Thieleman v. County of Aransas, Tex.*, No. CC-08-78, 2010 WL 610651, at *5 (S.D. Tex. Feb. 17, 2010) (Head, J.) (citing *Parratt*, 451 U.S. 527 and *Hudson v. Palmer*, 468 U.S. 517 (1984)).

Here, Plaintiff alleges that, in January 2023, he received a copy of the Order to Withdraw Funds from his TDCJ account, which satisfies the due process requirement that he receive notice of the withdrawal. (D.E. 13, p. 1). Plaintiff's allegations, accepted as true for purposes of screening, nevertheless reflect that the filings of his motions to rescind or dissolve the Order to Withdraw Funds have not been answered by the San Patricio County district court. (*Id.* at 1-2). These allegations suggest that Plaintiff has been denied the ability to contest both the dollar amount and statutory basis for the withdrawal order issued by the San Patricio district court. Without an adequate remedy existing to challenge the Order to Withdraw Funds, the undersigned recommends that Plaintiff's procedural due process claim be retained.

In his More Definite Statement, Plaintiff seeks to hold both Clerk Marks and Judge Whatley responsible for issuing the Order to Withdraw Funds in violation of his constitutional rights. (D.E. 13, p. 2).[3]  Plaintiff's allegations reflect that the January 25, 2023 Order to Withdraw Funds was issued by Clerk Marks and signed by Judge Whatley of the San Patricio district court.  (D.E. 13, p. 1; D.E. 15).  At this early state in the case, it is unclear whether one named defendant, both named defendants, or another San Patricio official should be retained in this case to defend against Plaintiff's procedural due process claim.  Further factual and legal development of this issue will be beneficial to determine the appropriate defendant.  Accordingly, the undersigned recommends that Plaintiff's procedural due process claim be retained against Clerk Marks and Judge Whatley.[4]

## V.    RECOMMENDATION

For the reasons stated above and for purposes of § 1915A and §1915(e)(2), the undersigned respectfully recommends that the Court **RETAIN** Plaintiff's procedural due process claim against **San Patricio County Clerk Heather Marks and Judge Jana Whatley of the San Patricio district court**.  The undersigned will order service on these

---

[3] In a separate order, the undersigned has added Clerk Marks and Judge Whatley as defendants in this case.

[4] The undersigned recognizes that the doctrine of absolute judicial immunity may operate to protect Judge Whatley from being sued in this action.  "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (per curiam) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). However, as discussed above, a withdrawal notification "is not an 'order' in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding." *See Palomo*, 322 S.W.3d at 305 & n.1.  Thus, it is not entirely clear at this time whether Judge Whatley's role in connection with the issuance of the Order to Withdraw Funds is a protected judicial act.  The issue of absolute judicial immunity may be revisited as this case proceeds.

defendants.  The undersigned respectfully recommends further that Plaintiff's procedural

due process claim against the State of Texas be **DISMISSED without prejudice** as barred

by the Eleventh Amendment.


Respectfully submitted on September 26, 2023.

Julie K. Hampton
United States Magistrate Judge


## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to

each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of

the Memorandum and Recommendation, a party may file with the Clerk and serve on the

United States Magistrate Judge and all parties, written objections, pursuant to Fed. R.

Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District

Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within

FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs.

*Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).