Case 2:23-cv-00173   Document 35   Filed on 03/06/24 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
March 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA RAY YEOMANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00173 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS AND TO DISMISS CASE**

Plaintiff Joshua Ray Yeomans, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Motions to Dismiss filed by Judge Janna Whatley (Judge Whatley) (D.E. 26) and District Clerk Heather Marks (Clerk Marks) (D.E. 28). For the reasons set forth below, it is respectfully recommended that the motions be **GRANTED**.

# I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

# II.  BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the Dominguez Unit

in San Antonio, Texas. Plaintiff's allegations in this case arise in connection with actions taken by officials in San Patricio County to order the withdrawal of monies from Plaintiff's inmate trust fund account.

In his Original Complaint, Plaintiff sues only the State of Texas. (D.E. 1, pp. 1, 3). Plaintiff alleges that funds have been taken from his inmate trust account pursuant to an Order to Withdraw Funds issued by a San Patricio district court. (*Id*. at 4). Plaintiff claims that the State of Texas violated his procedural due process rights through the improper withdrawal of these funds from his inmate trust fund account. (*Id*.). Plaintiff asks this Court to reverse the withdrawal order entered against him and order the State of Texas to return the monies taken from him as well as pay court costs. (*Id*.).

As directed by the Court, Plaintiff filed a More Definite Statement (D.E. 13) and Supplemental More Definite Statement (D.E. 14) in which he explains his claims in more detail. Plaintiff alleges the following pertinent facts in his Original Complaint (D.E. 1), More Definite Statement (D.E. 13), and Supplemental More Definite Statement (D.E. 14).

Plaintiff has attached to his Original Complaint a document entitled "Judgment Revoking Community Supervision; Sentence to State Jail Division, TDCJ[,]" issued by the 36th Judicial Court of San Patricio County, Texas in Criminal Case No. S-07-3324CR. (D.E. 1, p. 6). The San Patricio district court issued this judgment on August 28, 2009, in which Plaintiff was convicted of possession of cocaine pursuant to a plea agreement and sentenced to eighteen months in prison. (*Id*.). Under this judgment, Plaintiff was further fined $750.00, assessed court costs in the amount of $1265.00, and ordered to pay

restitution in the amount of $140.00. (*Id*.).

On January 25, 2023, an Order to Withdraw Funds was issued by Clerk Marks and signed by Judge Whatley of the San Patricio district court in Criminal Case No. S-07-3324CR. (D.E. 13, p. 1; D.E. 15). The Order to Withdraw Funds directed that funds totaling $2,015 be withdrawn from Plaintiff's inmate trust fund account to satisfy the outstanding court costs, fees, fines, and/or restitution amounts assessed in Criminal Case S-07-3324CR. (*Id*.).

Plaintiff states that some funds have already been taken from his inmate trust fund account under the Order to Withdraw Funds. (D.E. 1, p. 4; D.E. 13, p. 1). Plaintiff further states that "[s]aid court is using a different case to debit [his] account that occurred August 28, 2009." (Id.). Plaintiff asserts that "the Court" never made any attempt to follow garnishment or turnover procedures. (D.E. 1, p. 4). Plaintiff indicates that he has exhausted the grievance procedures as well as filed motions to rescind and dissolve the withdrawal order. (*Id*.).

In March or April 2023, Plaintiff filed a motion to rescind the Order to Withdraw Funds in the San Patricio district court. (D.E. 13, p. 1). According to Plaintiff, the San Patricio district court has not responded to or otherwise ruled on the motion. (*Id*. at 2). In June 2023, Plaintiff filed a motion to dissolve the withdrawal order in the San Patricio district court. (*Id*.). Plaintiff alleges that the San Patricio district court has not responded to or otherwise ruled on the motion. (*Id*.).

Plaintiff holds both Clerk Marks and Judge Whatley responsible for issuing the Order to Withdraw Funds in violation of his constitutional rights. (*Id*.). Plaintiff claims that, because he has a property interest in his inmate trust fund account, Clerk Marks and Judge Whatley violated his procedural due process rights through the withdrawal of these funds from his inmate trust fund account. (*Id*.). Plaintiff reiterates that he seeks reversal of the withdrawal order entered against him and order the return of monies taken from him as well as pay court costs. (*Id*. at 2-3).

On September 26, 2023, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court:

- retain Plaintiff's procedural due process claim against Clerk Marks and Judge Whatley; and

- dismiss without prejudice Plaintiff's procedural due process claim against the State of Texas as barred by the Eleventh Amendment.

(D.E. 17). Plaintiff subsequently filed objections to the M&R on October 10, 2023. (D.E. 23). The M&R and objections remain pending before District Judge David S. Morales.

On October 18 & 30, 2023, Judge Whatley and Clerk Marks (collectively "Defendants") filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). (D.E.s 26 & 28). Defendants argue that this Court lacks subject matter jurisdiction, and that Judge Whatley is entitled to judicial immunity. Plaintiff subsequently filed correspondence with the Court seeking a copy of his original judgment of conviction (D.E. 31), various San Patricio County documents (D.E. 32), the Court to issue service

(D.E. 33), and a status update on his case (D.E. 34). Plaintiff has not filed a response directly addressing the motions to dismiss.

### III.  DISCUSSION

#### A.  Legal Standard

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Defendants move to dismiss Plaintiff's claims pursuant to Rules 12(b)(1). (D.E.s 26 & 28). Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

### B. Unconstitutional Taking of Personal Property

Plaintiff is challenging the order to withdraw monies from his inmate trust fund account, the lack of notice afforded to him, and the lack of response by the court to his motions challenging said order. A prison inmate has a property interest in his inmate trust account. *Covarrubias v. Tex. Dep't of Crim. Justice*, 52 S.W. 3d 318, 324 (Tex. App.—Corpus Christi 2001); *Brewer v. Collins*, 857 S.W. 2d 819, 823 (Tex. App.—Houston [1st Dist.] 1993); see also *Op. Tex. Att'y Gen. No.* GA-0534 (2007) (county has a right to reimbursement from inmate but must comply with applicable due process requirements). "A deprivation of personal property without due process violates the United States and Texas Constitutions." *Texas Workers' Comp. Comm'n v Patient Advocates of Tex.*, 136 S.W. 3d 643, 658 (Tex. 2004).

The court's order to withdraw funds from Plaintiff's inmate trust account was issued pursuant to Tex. Gov't Code Section 501.014.

Section 501.014 provides in relevant part:

> (a) The department shall take possession of all money that an inmate has on the inmate's person or that is received with the inmate when the inmate arrives at a facility to be admitted to the custody of the department and all money the inmate receives at the department during confinement and shall credit the money to an account created for the inmate. The department may spend money from an inmate account on the written order of the inmate in whose name the account is established or as required by law or policy subject to restrictions on the expenditure established by law or policy. The department shall ensure that each facility operated by or under contract with the department shall operate an account system that complies with this section, but the department is not required to operate a separate account system for or at each facility.
> …

(e) On notification by a court, the department shall withdraw from an Inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. On receipt of a valid court order requiring an inmate to pay child support, the department shall withdraw the appropriate amount from the inmate's account under this subsection, regardless of whether the court order is provided by the court or another person. The department shall make a payment under this subsection to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities:

(1) as payment in full for all orders for child support;
(2) as payment in full for all orders for restitution;
(3) as payment in full for all orders for reimbursement of the Health and Human Services Commission for financial assistance provided for the child's health needs under Chapter 31, Human Resources Code, to a child of the inmate;
(4) **as payment in full for all orders for court fees and costs;**
(5) as payment in full for all orders for fines; and
(6) as payment in full for any other court order, judgment, or writ.

Tex. Gov't Code Section 501.014(a),(e)(emphasis added).

In *Abdullah v. State*, 211 S.W. 3d 938 (Tex. App.—Texarkana 2007), the district clerk for Hopkins County issued an order on April 6, 2006, directing the TDCJ-CID to make payment from Abdullah's inmate trust fund account to reimburse the county for "court costs, fees and/or fines" incurred during his criminal conviction. *Abdullah*, 211 S.W. 3d at 940. Attached to the order was a summary bill of costs generated by the Hopkins County district clerk stating the amount of $1,517.25. The judgment of conviction in which costs would be set out was left blank. *Id*. The appellate court found that Abdullah had not been afforded due process in the taking of funds from his inmate

account. *Id*. The Texarkana court found that the district court was required to pursue the inmate funds via a properly filed garnishment action. Id. at 941-42. Specifically, the court referenced Tex Civ. Prac. & Rem. Code Section 63.007, which provides:

> (a) A writ of garnishment may be issued against an inmate trust fund held under the authority of the Texas Department of Criminal Justice under Section 501.014, Government Code, to encumber money that is held for the benefit of an inmate in the fund.

Taking Plaintiff's allegations as true, it appears that Defendants withdrew money from his inmate fund account without following the proper garnishment procedure. Plaintiff was not given the opportunity to attend any hearing or to challenge the costs assessed by Judge Whatley and Clerk Marks. Thus, he potentially has stated a valid claim for violation of his due process rights involving the taking of his trust fund account monies.

However, although Plaintiff may have stated a claim, he does not have a remedy in this Court, but must pursue the matter in state court. An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under Section 1983, regardless of whether the deprivation is negligent or intentional. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). In other words, "[a]n adequate post deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional." *Thieleman v. County of Aransas, Tex*., No. CC-08-78, 2010

WL 610651, at *5 (S.D. Tex. Feb. 17, 2010) (Head, J.) (citing *Parratt*, 451 U.S. 527 and *Hudson v. Palmer*, 468 U.S. 517 (1984)).

Under the *Parratt/Hudson* doctrine, a district court may dismiss a loss of property claim and require the Plaintiff to pursue state remedies. A Plaintiff may then pursue a claim under Section 1983 only after those remedies are denied on grounds other than the merits of the claim. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *See Myers v Klevenhagan*, 97 F.3d 91, 94 (5th Cir. 1996). As discussed below, Plaintiff cannot satisfy his burden and show that his available post-deprivation remedies are inadequate to address the taking of funds from his inmate account as directed in the Order to Withdraw Funds.

"Inmates are accorded constitutional due process when they receive notice of the withdrawal and an opportunity to contest the dollar amount and statutory basis of the withdrawal through filing a motion to rescind or modify the withdrawal order." *Arteaga v. Burnet Cnty. Commissioners Court*, A-19-CV-512-LY, 2019 WL 2648451, at *2 (W.D. Tex. Jun. 27, 2019) (citing *Harrell v. State*, 286 S.W. 3d 315, 321 (Tex. 2009); *see also Maldonado v. State*, 360 S.W.3d 10, 13 (Tex.App.— Amarillo, no pet.) (recognizing that "due process requires that an inmate have an opportunity to contest the dollar amount and the statutory basis of the withdrawal order by way of a motion to modify, correct, or rescind the withdrawal notification"). "The trial court's disposition of such a motion creates an appealable order." *Williams v. State*, 332 S.W. 3d 694, 698 (Tex. App.—

Amarillo 2001). *See also Ramirez v. State*, 318 S.W. 3d 906, 908 (Tex. App. — Waco 2010) (holding that "only when [the withdrawal notification] is properly challenged and denied relief is there an order that is final from which the inmate can appeal").

Here, Plaintiff alleges that, in January 2023, he received a copy of the Order to Withdraw Funds from his TDCJ account, which satisfies the due process requirement that he receive notice of the withdrawal. (D.E. 13, p. 1). Plaintiff's allegations, accepted as true, nevertheless reflect that the filings of his motions to rescind or dissolve the Order to Withdraw Funds have not been answered by the San Patricio County district court. (Id. at 1-2). These allegations initially suggest that Plaintiff may have been denied the ability to contest both the dollar amount and statutory basis for the withdrawal order issued by the San Patricio district court. The failure of this trial court to address Plaintiff's motions to rescind or dissolve also has operated to thwart Plaintiff's ability to appeal the Order to Withdraw Funds to the Texas Court of Appeals.

However, Plaintiff has an additional remedy remaining by which he can challenge the trial court's failure to address his motions to rescind and dissolve the Order to Withdraw Funds. In a case similar to Plaintiff's situation, a Texas court of appeals found that inmate Roger Keeling's proper remedy for a lack of response by the Court to his motion to rescind/reconsider the order withdrawing monies from his prisoner trust account was to file a petition for *writ of mandamus*. *In re Keeling*, 227 S.W. 3d 391 (Tex. App.—Waco 2007). An order entered without due process is void. *Id*. at 395; *In re Taylor*, 130 S.W. 448, 449 (Tex. App.—Texarkana 2001). Mandamus relief may be

afforded where the trial court's order is void. *In re Acceptance Ins. Co.*, 33 S.W. 3d 443, 454 (Tex. App.—Fort Worth 2000).

In *Keeling*, the Texas Court of Appeals granted Keeling mandamus relief and directed the order withdrawing monies to be void with all removed funds returned, because he was afforded no procedural due process in connection with the issuance of the order. *Keeling*, 227 S.W. 3d at 395. Plaintiff, however, has advanced nothing to suggest he has sought similar mandamus relief in the Texas Court of Appeals or that such a remedy is not available to him at this time. Accordingly, Plaintiff has remaining an adequate post-deprivation remedy through the filing of a mandamus petition to challenge the trial court's failure to rule on his motions to rescind and dissolve the Order to Withdraw Funds.

In addition to his remedy via the mandamus petition, Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)(in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W. 2d 413, 420-21 (Tex. Civ. App.—San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). Plaintiff alleges that Defendants willfully took monies from is inmate trust account without due process. However, there is no indication that he has instituted an action for conversion in state court. More importantly, Plaintiff has not alleged any inadequacy in this remedy

available to him under Texas law. *See Parratt*, 451 U.S. at 544 ("The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.").

Therefore, to the extent Plaintiff is complaining about the taking of funds in violation of his procedural due process rights, he has failed to state a claim upon which relief can be granted. As discussed above, Plaintiff has available post-deprivations remedies available to him by which he can challenge the taking of funds from the inmate trust account under the Order to Withdraw funds. Accordingly, Defendants' motions to dismiss should be granted.

### C. Judge Whatley

Plaintiff challenges Judge Whatley's order to withdraw monies from his inmate trust fund account. "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 294 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.").

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief. See 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Thus, the doctrine of absolute judicial immunity protects judges not

only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Ceasar v. Methvin*, No. CV 6:17-0476, 2017 WL 2486373, at *2 (W.D. La. Apr. 21, 2017), adopted, 2017 WL 2509655 (W.D. La. June 8, 2017) (citing *Mireles*, 502 U.S. at 11).

There are only two circumstances under which judicial immunity can be pierced: "(1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Bowling v. Roach*, 816 F. App'x 901, 906 (5th Cir. 2020), cert. denied, __ U.S. __, 141 S. Ct. 2466 (2021) (citing *Mireles*, 502 U.S. at 11-12). A judge's acts are judicial in nature if they are "'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (citing *Mireles*, 502 U.S. at 11).

Judge Whatley's order to withdraw monies from Plaintiff's inmate trust account, while civil in nature, was undoubtedly judicial in nature as it was undertaken in the course of her exercise of her judicial function. Additionally, Judge Whatley's order was not undertaken in the "complete absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Because Judge Whatley is entitled to absolute immunity in this action, Plaintiff's claims against her are subject to dismissal with prejudice on this alternative ground.

## VI.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Defendants' Motions to Dismiss (D.E.s 26 & 28) be **GRANTED.**[1]

Respectfully submitted on March 6, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

---

[1] In light of the undersigned's recommendation, it is unnecessary to consider Defendants' alternative grounds for dismissal based on *Rooker-Feldman* and the *Younger* abstention doctrine.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).