Case 2:23-cv-00173 Document 41 Filed on 04/15/24 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA RAY YEOMANS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00173 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 17). The M&R recommends that the Court:

(1) Retain Plaintiff's procedural due process claim against Defendants San Patricio County Clerk Heather Marks and Judge Jana Whatley of the San Patricio District Court; and

(2) Dismiss without prejudice Plaintiff's procedural due process claim against the State of Texas.

(D.E. 17, p. 1). Plaintiff filed written objections to the M&R. (D.E. 23; D.E. 25).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

---

[1] Plaintiff's objections were due October 10, 2023. *See* (D.E. 17, p. 12). Although Plaintiff's second set of objections were not filed in the Court's docketing system until October 13, 2023, *see* (D.E. 25), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). The date on Plaintiff's envelope has been written over and is not entirely legible. (D.E. 25-2). As such, out of an abundance of caution, the Court will consider the objections timely according to the date written on the top of the objections, October 5, 2023. *Id.*

Plaintiff's objections to the M&R are not entirely clear; Plaintiff appears to be objecting to the fact that one of his "claim[s] for relief [were] not added alongside [Plaintiff's] other claims[.]" (D.E. 23, p. 1) (cleaned up). Plaintiff further cites Texas Rule of Civil Procedure 47(1)(2)(d). *Id.* This objection does not appear to be in direct contention with the findings of the M&R—nor does the M&R cite the Texas Rules of Civil Procedure. *See* (D.E. 17). Plaintiff's objections continue to argue issues not addressed in or relevant to the M&R. *See* (D.E. 25, p. 1). First, Plaintiff objects to the fact that his "summons issued to clerk Mark and Judge Whatley did not state, according to the USCS Fed Rules Civ Proc R 4(E), [or] notify the defendant that a failure to appear and defend will result in a default judgment against defendant[.]" *Id.* It is unclear why Plaintiff references this, as the M&R does not discuss the summons, and this appears irrelevant to the findings of the M&R. *See* (D.E. 17). Plaintiff further objects, arguing the amount of his court costs and ensuring that "these issues are on the record." (D.E. 25-1, p. 2). In both of Plaintiff's objections, he does not appear to directly object to either the M&R's conclusion that his claim against Texas is barred, or the M&R's reasoning for such conclusion. *See* (D.E. 23; D.E. 25). In sum, Plaintiff does not mention the Eleventh Amendment in his objections and does not explicitly object to the M&R's recommendation that his claim against Texas be dismissed. *See id.*

To the extent Plaintiff intends to object to dismissal of his claim against Texas, (D.E. 23, p. 1), the Court finds this claim is barred, as the M&R states. *See* (D.E. 17, p. 7–8). The Eleventh Amendment strips courts of the power to hear "any suit in law or equity, commenced or prosecuted against one of the United States" by citizens. *See id.* So, "an unconsenting [s]tate is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted). Congress may abrogate state sovereign immunity under its Fourteenth Amendment powers, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-

76 (2000), or a state may waive its immunity, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), but neither of those two conditions has occurred here. As such, Plaintiff cannot state a claim against the state of Texas. *See Warnock v. Pecos Cnty. Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (holding that claims barred by the Eleventh Amendment may be dismissed for lack of subject matter jurisdiction and therefore must be dismissed without prejudice).

The Court notes that Plaintiff intends to preserve his claims for appeal with these objections. (D.E. 23, p. 2; D.E. 25-1 p. 2). Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 23; D.E. 25), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 17). Accordingly:

(1) Plaintiff's procedural due process claim against San Patricio County Clerk Heather Marks and Judge Jana Whatley of the San Patricio district court are **RETAINED.**

(2) Plaintiff's claim against Texas is **DISMISSED WITHOUT PREJUDICE.**

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 15ᵗʰ, 2024